IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHANIE PARRALES, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:21-cv-02974-N-BT |
| § | |
| MAHESH ADITYA & SANTANDER § | |
| CONSUMER USA, § | |
| § | |
| Defendants. § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendants Mahesh Aditya and Santander Consumer USA Inc.'s Motion to Dismiss (ECF No. 15). For the following reasons, the District Court should GRANT the Motion to Dismiss and dismiss all *pro se* Plaintiff Stephanie Parrales's claims with prejudice.

## Background

Plaintiff Stephanie Parrales filed this *pro se* civil action against Defendants Mahesh Aditya and Santander Consumer USA on November 29, 2021. Compl. 1 (ECF No. 3). After Defendants filed a Motion to Dismiss, Parrales amended her Complaint twice, first on January 13, 2022, and then again on January 28. Am. Compl. 1 (ECF No. 10); Sec. Am. Compl. 1 (ECF No. 13). Subsequently, the Court terminated Defendants' initial Motion to Dismiss as moot and ordered Parrales to stop filing amended complaints. *See generally* Ord. (ECF No. 14).

1

In her operative pleading, Parrales claims that she "purchased a car" from Santander in June 2021. Sec. Am. Compl. ¶ 12. According to Parrales, the purchase included a trade-in of her former vehicle and required her to provide proof of her auto-insurance coverage. *Id.* ¶¶ 16-17. Parrales contends that Defendants failed to provide her with important disclosures mandated by the Truth in Lending Act (TILA). *Id.* ¶ 25. While Parrales identifies Aditya as the "Chief Executive Officer of Santander," she makes no specific allegations against him. *Id.* ¶ 6. Instead, Parrales asserts that both Defendants violated the Fair Debt Collection Practices Act (FDCPA), though the factual basis for these allegations is unclear. *See id.* ¶¶ 26-32. Construing her allegations liberally, it appears Parrales's chief contention is that Defendants violated the FDCPA by sending her multiple letters regarding her alleged debt, even after she requested that they cease, and by threatening to communicate "false information [to] Experian, Equifax, Transunion, and Innovis." *Id.* ¶¶ 36-39. Based on these allegations, Parrales seeks $22,612 in damages under TILA, $61,733 under the FDCPA, unspecified equitable relief, costs, and attorney's fees. *Id.* ¶¶ a-j.

Defendants filed a second Motion to Dismiss, arguing that Parrales's FDCPA claims should be dismissed for lack of subject matter jurisdiction and that her TILA claims should be dismissed for failure to state a claim. Defs.' Mot. ¶¶ 9-15 (ECF No. 15). Specifically, Defendants argue that Parrales "fails to create subject matter jurisdiction" for her FDCPA claims because she cannot show either Defendant to be a debt collector, and that Parrales's TILA claims are legally foreclosed because

the statute of limitations has run. *Id.* ¶¶ 13, 15. Parrales filed a Response, arguing that Defendants are debt collectors under the FDCPA. *See generally* Pl.'s Resp. (ECF No. 17). The Motion to Dismiss is thus fully briefed and ripe for determination.

**Legal Standard and Analysis**

I.   <u>The District Court should dismiss Parrales's FDCPA claims because neither Defendant qualifies as a debt collector under the FDCPA.</u>

Defendants move to dismiss Parrales's FDCPA claims under Rue 12(b)(1) on the ground that Parrales "fails to create subject matter jurisdiction" because "neither Santander nor Mahesh Aditya . . . is a debt collector." Defs.' Mot. ¶¶ 11, 13. However, as another court in this division has already held when considering a similar motion brought by Santander in a different case, Defendants' arguments are not properly brought under Rule 12(b)(1). *See Williams v. Santander Consumer USA Holdings, Inc.*, 2022 WL 562896, at *2 (N.D. Tex. Feb. 24, 2022) (Fitzwater, J.). Indeed, Defendants' argument relates to "*statutory* standing, which is properly evaluated under Rule 12(b)(6)." *Id.* (emphasis in original) (first citing *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011) ("Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6)."); and then citing *Nixon v. Hegar*, 2021 WL 4197207, at *2 (N.D. Tex. Sept. 15, 2021) (Fitzwater, J.) (construing a Rule 12(b)(6) motion as a Rule 12(b)(1) motion)). Accordingly, the Court follows the

3

practice of the court in *Williams* and construes Defendants' Motion "as seeking relief under Rule 12(b)(6) rather than 12(b)(1)." *Id.*

When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citations and internal quotation marks omitted). However, when deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions

4

can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

Defendants assert that Parrales's FDCPA claims fail because they are not debt collectors under the FDCPA. Defs.' Mot. ¶ 11. Parrales, meanwhile, seizes onto a letter, purportedly sent by Santander, that identifies Santander as a debt collector—and argues that this admission should be dispositive. Pl.'s Resp. ¶¶ 2, 11. But Parrales fails to understand that not all those who collect debt meet the FDCPA's definition of debt collector.

Under the FDCPA, a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Additionally, the FDCPA's definition of debt collector specifically does not apply to "any officer or employee of a creditor . . . collecting debts for such creditor . . . [or] any person collecting or attempting to collect . . . a debt which was not in default at the time it was obtained by such person." *Id.* § 1692a(6)(A, F). Critically, the FDCPA does not apply to an entity attempting to collect a debt that it has purchased from the debt's originator, unless

that entity is organized for "the principal purpose" of collecting debt. *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721-22 (2017).

Here, it is clear from the face of Parrales's pleadings that neither Defendant satisfies the statutory definition of a debt collector. Parrales does not allege that either Defendant is organized for the principal purpose of debt collection. In addition, in her Second Amended Complaint, Parrales alleges that she "purchased a car . . . from Santander." Sec. Am. Compl. ¶ 12. According to her own allegations, then, Santander originated Parrales's debt, and so is not seeking to collect the debt of another with respect to Parrales. Furthermore, Aditya is specifically excepted from FDCPA liability by the provision applicable to a creditor's officers or employees. 15 U.S.C. § 1692a(6)(A). Additionally, even if Parrales's contrary assertion in her Response—that "it is clearly established that [Santander] has purchased the debt . . . from the original creditor"—is true, she still fails to show that Santander falls under the FDCPA's reach. Pl.'s Resp. ¶ 11. For even if Santander purchased the debt from Parrales's original creditor, it is still moving to collect its own debt, and not the debt of another. *See Henson*, 137 S. Ct. at 1721-23. Finally, Parrales, in her Response, includes financial statements indicating that Santander has been servicing her loan since 2014—well before she was in default. *See* Pl.'s Resp. Ex. A 25 (ECF No. 17). Accordingly, Santander at least plainly falls into the FDCPA exception for those collecting "a debt which was not in default at the time it was obtained." 15 U.S.C. § 1692a(6)(F).

6

Because Santander and Aditya are not debt collectors under the FDCPA, Parrales cannot state an FDCPA claim against them. Additionally, this is Parrales's third attempt to state an FDCPA claim against Defendants, and she has been on notice of Defendants' arguments regarding dismissal. *See generally* Compl.; Defs.' First Mot. (ECF No. 7); Am. Compl.; Sec. Am. Compl. Therefore, the Court finds that Parrales has pleaded her best case, and so dismissal of her FDCPA claims with prejudice is appropriate. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (holding that dismissal with prejudice is appropriate if a court finds that the plaintiff has alleged his or her best case). The District Court should thus dismiss Parrales's FDCPA claims with prejudice for failure to state a claim.

II.   The District Court should dismiss Parrales's TILA claims because they are legally foreclosed by the statute of limitations.

Defendants also argue that Parrales's TILA claims should be dismissed because they are barred by the statute of limitations. While a statute of limitations argument is typically presented as an affirmative defense, a court may grant a motion to dismiss based on limitations when "it is evident from the pleadings that the action is time-barred." *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014). TILA claims must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "The violation occurs when the transaction is consummated." *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 786 (S.D. Tex. 2007) (citation and internal quotation marks omitted), *aff'd*, 269 Fed. App'x 523 (5th Cir. 2008). The credit transaction is

7

consummated when "a contractual relationship is created between [a creditor and consumer]." *Bourgeois v. Haynes Constr. Co.*, 728 F.2d 719, 720 (5th Cir. 1984).

Here, Parrales's operative pleading states that her contractual relationship with Santander, or whomever her creditor was at the time of purchase, began "[o]n or about June 9, 2014." Sec. Am. Compl. ¶ 12. Accordingly, based on the face of the Second Amended Complaint, Parrales was obligated to bring any TILA claim resulting from her purchase of the car by June 2015.

Moreover, in her Response, Parrales fails to address Defendants' arguments regarding the statute of limitations. Indeed, her Response does not discuss her TILA claims at all. It is well established in this Circuit that "[w]hen a plaintiff fails to defend a claim in response to a motion to dismiss . . . , the claim is deemed abandoned." *See Arias v. Wells Fargo Bank, N.A.*, 2019 WL 2770160, at *2 (N.D. Tex. July 2, 2019) (Lindsay, J.) (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)); *see also Scales v. Slater*, 181 F.3d 703, 708 n.5 (5th Cir. 1999) (reasoning that the plaintiff abandoned her claim by failing to contest the defendant's arguments for dismissal of that claim); *Spraggins v. Caliber Home Loans, Inc.*, 2020 WL 8366645, at *3 (N.D. Tex. Dec. 31, 2020) (Rutherford, J.), *rec. adopted*, 2021 WL 311869 (N.D. Tex. Jan. 29, 2021).

Therefore, the District Court should dismiss Parrales's TILA claims with prejudice because the face of her pleading makes it clear that these claims are barred by the statute of limitations, and, in any case, Parrales has effectively abandoned her TILA claims by failing to address them in her Response to the

8

Motion to Dismiss. *See Edwards v. Fed. Nat'l Mortgage Ass'n*, 2021 WL 3195487, at *1 (N.D. Tex. July 7, 2021) (Toliver, J.) ("[A] dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations would prevent a party from refiling their case." (citation omitted)), *rec. adopted*, 2021 WL 3192174 (N.D. Tex. July 28, 2021).

## RECOMMENDATION

For the reasons stated, the District Court should GRANT the Motion to Dismiss (ECF No. 15) and DISMISS all Parrales's claims with prejudice.

**SO RECOMMENDED.**

August 4, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).